Filed 6/13/13  Tindell v. Shaw CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| RANDY TINDELL et al., | C068453 |
| Plaintiffs and Appellants, | (Super. Ct. No. 50512) |
| v. | |
| JOHN SHAW et al., | |
| Defendants and Respondents. | |

Plaintiffs Randy and Linda Tindell bought a house listed by defendant real estate agents John Shaw, Kari Moore, and Susanville Real Estate (defendants) in 2005 for $320,000.  In 2009 the Tindells were unable to refinance the mortgage because it is a manufactured home, not a modular home.  The Tindells filed a second amended complaint against defendants for fraud, negligent misrepresentation, and constructive fraud.  The trial court sustained defendants' demurrer to the second amended complaint without leave to amend.  The Tindells appeal, arguing the trial court erred in sustaining the demurrer and in doing so without leave to amend.  We shall affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In reviewing an order sustaining a demurrer, we assume the truth of all material facts properly pleaded in the complaint. (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 814.) We also consider facts pleaded in earlier iterations of the complaint that contradict the facts pleaded in the last amended complaint. (*Berman v. Bromberg* (1997) 56 Cal.App.4th 936, 945-946.) With those principles in mind, we summarize the basic facts of the real estate transaction here at issue, and the procedural history of this case, as gleaned from plaintiffs' pleadings.

**The Purchase**

Susanville Real Estate, agent Moore, and real estate broker Shaw listed a property for sale in December 2004. The listing stated the approximate age of the property was 26 years and described the construction as "Manufactured." The Tindells made arrangements to see the property and subsequently made an offer to purchase the property for $320,000; the offer was accepted.

In the process of purchasing the property, the Tindells hired loan broker Kim Keith. Keith told the Tindells she believed the property was a manufactured home and that they might not be able to obtain financing.

The Tindells also hired appraiser Christine Bradley to appraise the property. When Bradley appraised the home, she designated it a modular home constructed around 1972. Following the appraisal, Keith told the Tindells she could finance the property.[1]

In 2009 the Tindells sought to refinance their mortgage. In connection with the refinancing, an appraiser inspected the property. According to the appraisal for the refinancing, the property was a manufactured home and not a modular home. The Tindells were unable to refinance their mortgage.

---

[1] Neither Bradley nor Keith is a party to this appeal.

**Original Complaint**

The Tindells filed a complaint against defendants, loan broker Keith, and appraiser Bradley, alleging causes of action for (1) declaratory relief, (2) violation of Civil Code section 1102 et seq., (3) fraud, and (4) breach of fiduciary duty. In their complaint, the Tindells argued that defendants, broker Keith, and appraiser Bradley failed to disclose the property was a manufactured home, preventing a refinancing of the mortgage. Defendants, broker Keith, and appraiser Bradley all retained separate counsel.

According to the Tindells, defendants, broker Keith, and appraiser Bradley fraudulently misrepresented the property as "modular." In addition, the Tindells argued, defendants, Keith, and Bradley "failed to undertake an inquiry as to the condition of Subject Property to determine whether the Subject Property was 'manufactured' or 'modular.' "

Broker Keith filed a demurrer to the Tindells' complaint. The trial court sustained the demurrer without leave to amend. As they acknowledge, the Tindells did not file a timely appeal of that order.

Defendants filed a demurrer to the Tindells' complaint, arguing the allegations in the complaint were contradicted by exhibits attached to the complaint. The agent's inspection disclosure, signed by the Tindells and attached to the complaint, stated the house was a "manufactured home." In addition, defendants' listing described the house as "Manufactured."

The trial court sustained the demurrer to the first and second causes of action without leave to amend. The court sustained the demurrer to the fraud and breach of fiduciary duty causes of action with leave to amend, noting those causes of action were not pleaded with particularity and were uncertain.

**First Amended Complaint**

Subsequently, the Tindells filed a verified first amended complaint alleging causes of action for fraud, negligent misrepresentation, and constructive fraud. The amended

complaint alleged defendants' listing declared the property to be 26 years old and "manufactured in 1979," but the Tindells later discovered the property was manufactured in 1976. According to the Tindells, homes manufactured prior to June 1976 are "practically worthless" because of lack of building standards and cannot be financed.

The first amended complaint alleged defendants failed to disclose that the property was a 1972 manufactured home that could not be financed. Instead, defendants represented that the property was manufactured in 1979. According to the Tindells, although defendants "initially did state the Subject Property was a manufactured home, they did not question Bradley's appraisal designating [it] as [a] modular home." The Tindells also stated defendants coerced them to use Keith as their loan processor.

Defendants filed a demurrer to the first amended complaint, asserting the Tindells could not show defendants misrepresented the age of the home and could not allege justifiable reliance. Defendants' listing, attached to the first amended complaint, stated the approximate age of the house was 26 years.

In addition, defendants argued the handwritten year "1979" on the listing was not part of the original listing, but must have been added by the Tindells. In opposing the demurrer, the Tindells conceded the handwritten "1979" was not part of defendants' original listing.

The trial court sustained the demurrer to the first amended complaint with leave to amend. The court found the Tindells failed to allege defendants' intent to deceive, knowledge of falsity, intent to induce reliance, breach of fiduciary relationship, or justifiable reliance.

**Second Amended Complaint**

The Tindells filed a second amended complaint alleging fraud, negligent misrepresentation, and constructive fraud. Again, the Tindells alleged defendants' listing stated the property was 26 years old and manufactured in 1979, but the Tindells discovered the property was manufactured in 1976. According to the Tindells,

4

defendants failed to disclose during the negotiation process that the property was manufactured in 1972 and could not be financed.

The second amended complaint added new allegations. The complaint alleged defendants had special knowledge of the property and intentionally concealed the property's true age. The Tindells also claimed that although defendants stated in February 2005 that the property was a manufactured home, they concealed the known fact that the property was built prior to 1976. In addition, the Tindells argued that if appraiser Bradley had disclosed the true age of the property, it would have enabled them to make an informed decision about the purchase.

Defendants again demurred, arguing the Tindells were bound by the allegations contained in their original complaint. Defendants also argued the Tindells failed to establish the elements of fraud, and defendants had no duty to inspect public records to establish the age of the property. The Tindells failed to file a written opposition to the demurrer but did oppose the demurrer in oral argument.

The trial court sustained the demurrer without leave to amend. The court considered the fraud cause of action and determined defendants' listing did not state the home was manufactured in 1979, but stated the approximate age was 26 years. The court also noted the Tindells admitted they added the handwritten "1979" date to the listing.

The court found the Tindells were bound by the allegations in their original complaint that they were not informed the house was manufactured. As stated by the court, "Plaintiffs cannot avoid these factual allegations by simply filing a new Complaint. Material factual allegations in verified pleadings that are admitted in subsequent pleadings without adequate explanation are to be considered by the Court in ruling on a Demurrer to a later pleading[.] [Citation.] In the original Complaint Plaintiffs asserted that they were injured based on the Defendant's failure to disclose that the home was manufactured. They cannot now claim to have relied on a representation that the home was manufactured in a specific year."

The court also noted that, under Civil Code section 2079.3, a listing agent has no duty to inspect public records to determine a property's age. Moreover, the misrepresentation that the home was modular was made by the appraiser, not defendants. Nor did the Tindells allege that defendants received a copy of the appraisal or that they had a duty to review the adequacy of the appraisal. Therefore, the Tindells failed to show a misrepresentation, justifiable reliance, or damages arising from defendants' conduct, and the court sustained the demurrers to the first and second causes of action without leave to amend.

The third cause of action, for constructive fraud, required that the Tindells show a breach of duty without actual fraudulent intent resulting in an advantage to the person at fault by misleading another to his prejudice. The court sustained defendants' demurrer to this cause of action, also without leave to amend, finding the Tindells could not show a breach of duty, justifiable reliance, or damages.

**Motion for Reconsideration and Appeal**

The Tindells filed a motion for leave to file an amended complaint and a motion for reconsideration. According to the Tindells, due to a lack of communication, their former counsel failed to oppose the demurrer to the second amended complaint. In their proposed third amended complaint, the Tindells added the seller of the property, Linda Murphy, as a defendant and added causes of action for unjust enrichment, breach of fiduciary duty, negligence, and rescission.

The court denied the motion for reconsideration, finding the Tindells failed to plead new facts or a change in the law. The court found the motion "nothing more than an attempt by [the Tindells] to get an opposition to the demurrer to the 2nd amended complaint heard after the demurrer . . . was sustained without leave to amend . . . ." The court granted leave to amend as to Bradley and Murphy, but not defendants. Subsequently, the Tindells filed a third amended complaint against Bradley and Murphy.

6

The trial court entered judgment in favor of defendants and awarded costs. The Tindells filed a timely notice of appeal.

## DISCUSSION

### I

The function of a demurrer is to test the sufficiency of the complaint by raising questions of law. We give the complaint a reasonable interpretation and read it as a whole with its parts considered in their context. A general demurrer admits the truth of all material factual allegations. We are not concerned with the plaintiff's ability to prove the allegations or any possible difficulties in making such proof. We are not bound by the construction made by the trial court of the pleadings; instead, we make our own independent judgment. (*Herman v. Los Angeles County Metropolitan Transportation Authority* (1999) 71 Cal.App.4th 819, 824.)

When the trial court sustains the demurrer without leave to amend, we must decide whether there is a reasonable possibility the plaintiff can cure the defect with an amendment. If we find that an amendment could cure the defect, we must find the court abused its discretion and reverse. If not, the court has not abused its discretion. The plaintiff bears the burden of proving an amendment would cure the defect. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153 (*Gomes*).)

### II

In sustaining defendants' demurrer without leave to amend as to the first cause of action for fraud, the trial court relied in part on the Tindells' allegation in their original complaint that they were injured by defendants' failure to inform them the house was manufactured and not modular. The court found the Tindells, in a subsequent complaint, could not now claim to have relied on a misrepresentation that the home was manufactured in a specific year.

The Tindells argue the fact that they had "allegedly been impeached regarding their statement that the defendants had failed to inform them that they were getting a

7

manufactured home was irrelevant." According to the Tindells, the alleged impeachment "did not prevent them from adding facts that elaborated on the Respondents['] conduct and the harm caused." They characterize their allegation that defendants misled them as to the true nature of the home "the result of a mere drafting error."

The totality of the second amended complaint, the Tindells contend, made clear that the crux of their case was defendants' failure to disclose the true age of the manufactured home. Therefore, as long as they can set forth an actionable claim, they should have been allowed to amend their complaint and not have been penalized because their second amended complaint was unclear on certain facts.

The sham pleading doctrine prevents a plaintiff from attempting to breathe life into a complaint by omitting relevant facts from an amended complaint that made the plaintiff's previous complaint defective. However, the doctrine is not intended to prevent a plaintiff from correcting erroneous allegations or clarifying ambiguous facts. Instead, the doctrine seeks to enable courts to prevent an abuse of process. (*Deveny v. Entropin, Inc.* (2006) 139 Cal.App.4th 408, 426 (*Deveny*); *Vallejo Development Co. v. Beck Development Co.* (1994) 24 Cal.App.4th 929, 946.)

Under the sham pleading doctrine, a plaintiff cannot avoid allegations that are determinative to a cause of action simply by filing an amended complaint which omits the problematic facts or pleads facts inconsistent with those alleged in the original complaint. This doctrine precludes a plaintiff from amending a complaint to omit harmful allegations, without explanation, from previous complaints to avoid attacks raised in demurrers. Instead, the plaintiff must satisfactorily explain such an omission. Failure to provide such an explanation allows the court to disregard the inconsistent allegations and read into the amended complaint the allegations of the superseded complaint. (*Deveny*, *supra*, 139 Cal.App.4th at pp. 425-426.)

In their original complaint, the Tindells alleged defendants misrepresented that the property they purchased was a modular, not a manufactured, home. Attached to the

8

complaint was the agent's inspection disclosure, signed by the Tindells, stating the home was manufactured. Defendants' listing also specified the home was manufactured.

Following the trial court's order sustaining defendants' demurrer to the original complaint, the Tindells alleged in their first amended complaint that defendants failed to disclose the home was manufactured in 1972 and instead represented that the home was 26 years old and manufactured in 1979. According to the second amended complaint, defendants had special knowledge of the property and intentionally concealed the age of the property.

Omitted from the amended complaint is any allegation that defendants misrepresented that the home was modular and concealed that the home was manufactured. The Tindells provide no explanation for the disappearance of this allegation, central to their original complaint.

Instead, the Tindells argue the trial court abused its discretion in referencing the prior inconsistent allegations in sustaining the brokers' demurrer to their second amended complaint. We disagree.

In sustaining the demurrer to the first cause of action in the second amended complaint, the court initially noted the listing for the home the Tindells purchased does not state the home was manufactured in 1979, but states the approximate age is 26 years. In addition, the court pointed out the handwritten note with the date "1976" was admittedly added by the Tindells.[2]

The court then found the Tindells were bound by the allegations in their original complaint, which alleged their injury stemmed from defendants' failure to inform them that their home was manufactured and not modular. The court also noted the alleged misrepresentation that the home was modular was made not by defendants but by

---

[2] The handwritten note actually says "1979."

9

appraiser Bradley, and the Tindells failed to allege that the listing agent received a copy of the appraisal or had a duty to confirm the age of the home.

Despite the Tindells' attempt to cast the court's order sustaining defendants' demurrer as solely the product of the court's reference to their prior inconsistent allegations, the record reveals the court considered the inconsistent allegations as only part of its rationale for sustaining the demurrer, not as the exclusive basis for the court's ruling. The prior inconsistent allegations were but one factor the trial court considered in sustaining the demurrer to the first cause of action.

### III

The Tindells also contend the court erred in finding they could not establish defendants made misrepresentations or owed them a fiduciary duty in connection with their cause of action for fraud. To establish a cause of action for fraud, the Tindells must allege misrepresentation, knowledge of falsity, intent to defraud, justifiable reliance, and damage. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.)

In their second amended complaint, the Tindells hinge their fraud allegation on defendants' alleged misrepresentation of the age of the home, which made refinancing impossible. However, as the trial court found, defendants' listing does not state the home was manufactured in 1979, but plainly states the "Approx. Age" of the home is "26" years. The Tindells acknowledged adding the handwritten notation "1979" to the listing; the date was not part of the original listing.

Nor did defendants, the listing agents, owe a duty to inspect public records to determine the age of the home. Civil Code section 2079 requires the listing agent to make a visual inspection, but the agent is not required to inspect public records (Civ. Code, § 2079.3). The Tindells do not allege defendants received a copy of the appraisal or were required to verify the appraisal's accuracy. In essence, the Tindells fail to connect defendants to any alleged misrepresentation as to the age of the home they purchased.

10

## IV

The Tindells' second amended complaint alleged a second cause of action for negligent misrepresentation. The elements of a negligent misrepresentation are "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." Negligent misrepresentation does not require knowledge of falsity, unlike a cause of action for fraud. (*Apollo Capital Fund LLC v. Roth Capital Partners, LLC* (2007) 158 Cal.App.4th 226, 243.)

The trial court found the Tindells failed to show a misrepresentation by defendants, justifiable reliance, or damage. We agree. The Tindells' cause of action for negligent misrepresentation restates the factual allegations in support of their fraud cause of action. The Tindells' complaint fails to allege defendants made false representations, believing them to be true but having no reasonable ground for such belief.

## V

In their third cause of action, the Tindells alleged defendants committed constructive fraud. To prove such an allegation, the Tindells must show (1) a fiduciary relationship, (2) nondisclosure, (3) intent to deceive, and (4) reliance and resulting injury. Constructive fraud is any breach of duty that, without fraudulent intent, gains an advantage to the person at fault by misleading another to his prejudice. (Civ. Code, § 1573; *Stokes v. Henson* (1990) 217 Cal.App.3d 187, 197.) The trial court sustained defendants' demurrer to the third cause of action, finding the Tindells could not show a breach of duty, justifiable reliance, or damages.

As noted, defendants had no duty to inspect public records to ascertain the age of the home the Tindells purchased. Nor did defendants have a duty to verify the age set forth in the appraiser's report. The Tindells fail to allege that defendants knew the age of

11

the home or that they intended to deceive the Tindells. Therefore, the Tindells failed to allege a cause of action for constructive fraud.

## VI

Finally, the Tindells contend the trial court abused its discretion in denying them leave to amend. The Tindells argue their motion for reconsideration put the trial court on notice that it erred in failing to grant them leave to amend. Instead, the Tindells assert, the court's dismissal of their complaint without leave to amend was "nothing more than a punishment for having made a non-substantive drafting error."

In challenging the court's sustaining of a demurrer without leave to amend, the plaintiff bears the burden of proving an amendment would cure the defect. The plaintiff must identify some legal theory or state facts that can be added by amendment to change the legal effect of his pleading. (*Gomes*, *supra*, 192 Cal.App.4th at p. 1153; *Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 520, fn. 16.)

The Tindells fail to meet this burden. As we have noted, the trial court did not deny leave to amend solely based on their prior inconsistent allegations. The court noted the alleged misrepresentation that the home was modular was made by appraiser Bradley, and the Tindells failed to allege that the listing agent received a copy of the appraisal or had a duty to confirm the age of the home. The court's action in denying leave to amend was not punishment, but the result of a complete consideration of the allegations set forth in the second amended complaint.

Nor do the Tindells point to any legal theory or facts they can add to their allegations to state a cause of action against defendants. Instead, the Tindells merely assert the court dismissed a complaint "that clearly contained viable causes of action based on the true facts before the court." By failing to explain what additional information they could provide to support their causes of action against defendants, the Tindells do not meet their burden and the trial court did not err in denying leave to amend.

12

**DISPOSITION**

The judgment is affirmed.  Defendants are awarded their costs on appeal.

                                        _____RAYE_____, P. J.

We concur:

_____BLEASE_____, J.

_____MAURO_____, J.